United States District Court
Southern District of Texas
**ENTERED**
November 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES RICHARD BREWER, CIN #026401, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-3717 |
| | § | |
| SHERIFF TROY GUIDRY, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Waller County pretrial detainee James Richard Brewer, CIN #026401, filed this section 1983 lawsuit against Waller County Sheriff Troy Guidry for the alleged violation of his First Amendment right to access the courts. He proceeds *pro se* and *in forma pauperis*.

Having screened the complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), the Court DISMISSES this lawsuit for the reasons explained below.

### *Background and Claims*

Plaintiff is in custody of the Waller County Sheriff's Office pending disposition of felony charges for burglary of a building and failure to identify. He complains that defendant Guidry is denying him access to a law library at the Waller County Jail. He states that he needs access to legal resources in order to represent his *pro se* interests in a family probate proceeding and to protect his legal rights in his pending criminal prosecutions. Plaintiff reports that jail employees told him there is no law library at the Waller County Jail. He

seeks as judicial relief $5 million for mental distress and $5 million as punitive damages for the violation of his constitutional right to access the courts.

## *Legal Standards*

Because plaintiff is a pretrial detainee who has been permitted to proceed *in forma pauperis*, the Court must screen his complaint under the applicable provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Section 1915A(a) requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. Because plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under section 1915(e)(2). Both of these federal statutory provisions allow the court, *sua sponte*, to dismiss the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Legal labels and conclusions, or "a formulaic recitation of the elements of a cause of action," do not suffice to state a claim upon which relief may be granted. *Id*.

### *Analysis*

*Mental Distress*

In his request for relief from this Court, plaintiff seeks $5 million for mental distress allegedly caused by his lack of access to a law library. His claim is foreclosed by 42 U.S.C. § 1997e(e), which restricts a prisoner's ability to recover compensatory damages without a showing of physical injury: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e). The Fifth Circuit recognizes that this provision applies to claims brought under the First Amendment. *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Plaintiff has not alleged a physical injury as to his First Amendment claim for lack of access to the courts. Thus, his claims for mental distress damages are barred by section 1997e(e) and are DISMISSED WITHOUT PREJUDICE.

*Punitive Damages*

Plaintiff's claims for punitive damages, however, are not barred by section 1997e(e). *See Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). Nevertheless, plaintiff is not entitled to punitive damages because he has not pleaded a viable First Amendment claim for purposes of seeking punitive damages, as shown below.

*Access to Courts*

Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated *challenges to sentences or conditions of confinement* before the courts." *Lewis*, 518 U.S. at 356 (emphasis added). *See also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (holding that the right provides a reasonable opportunity to file non-frivolous legal claims challenging convictions or conditions of confinement). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355. Thus, plaintiff has no constitutional right to access the courts for purposes of pursuing *pro se* probate litigation.

Further, the right of access is not a freestanding right. To state a cognizable First Amendment claim, a prisoner must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis*, 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th

4

Cir. 1999). Thus, to properly state a claim for denial of access to the courts, a plaintiff must demonstrate that his position as a litigant was prejudiced by the defendant's actions. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). Absent an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

To the extent plaintiff here asserts violation of his right to access the courts as to his pending criminal charges, he has not identified any non-frivolous claim that he was prevented from timely pursuing due of lack of access to a law library. Plaintiff's claims for lack of access to a law library are DENIED WITHOUT PREJUDICE.

## *Conclusion*

This lawsuit is DISMISSED WITHOUT PREJUDICE for failure to state a viable claim for which relief can be granted under section 1983. Any and all pending motions are DENIED AS MOOT. This dismissal constitutes a "strike" for purposes of section 1915(g).

Signed at Houston, Texas, on November  29 , 2021.

_____
Gray H. Miller
Senior United States District Judge